[Cite as *Tamarac Apts., L.L.C. v. Austin*, 2026-Ohio-879.]

# IN THE COURT OF APPEALS OF OHIO
## ELEVENTH APPELLATE DISTRICT
## LAKE COUNTY

| | |
|---|---|
| TAMARAC APARTMENTS, L.L.C., | **CASE NO. 2026-L-0003** |
| Plaintiff-Appellee, | |
| - vs - | Civil Appeal from the Court of Common Pleas |
| DAMEL AUSTIN, | |
| Defendant-Appellant. | Trial Court No. 2024 CV 001156 |

---

## MEMORANDUM OPINION AND JUDGMENT ENTRY

Decided: March 16, 2026
Judgment: Appeal dismissed

---

*Fred N. Carmen*, Fred Carmen Law, L.L.C., 27800 Cedar Road, Beachwood, OH 44122 (For Plaintiff-Appellee).

*Rosel C. Hurley, III*, Hurley Law, L.P.A., 12800 Shaker Boulevard, Suite 230, Cleveland, OH 44120 (For Defendant-Appellant).

SCOTT LYNCH, J.

{¶1}   On January 13, 2026, appellant, Damel Austin, through counsel, appealed an October 23, 2025 entry of the Lake County Court of Common Pleas.  On that same date, appellant filed a motion for leave to file the notice of appeal instanter construed as a motion for delayed appeal. Appellee, Tamarac Apartments, L.L.C., opposed the motion.

{¶2}   The underlying matter pertains to a defamation action appellee filed against appellant alleging it was defamed when appellant made false statements about their property that were published in a local newspaper. The trial court granted appellee's motion for default judgment and set a hearing date to determine damages plus attorney's

fees. In the October 23, 2025 entry, the trial court awarded appellee $7,500 in damages and denied the attorney's fees.

{¶3} App.R. 3(A) expressly states that the only jurisdictional requirement for filing a valid appeal is to file it within the time allowed by App.R. 4. The Supreme Court of Ohio has held that a failure to comply with the time requirements of App.R. 4(A) is a jurisdictional defect, which is fatal to an appeal. *Rives v. Lowes*, 2025-Ohio-4530, ¶ 2 (11th Dist.).

{¶4} "Subject to the provisions of App.R. 4(A)(3), a party who wishes to appeal from an order that is final upon its entry shall file the notice of appeal required by App.R. 3 within 30 days of that entry." *See* App.R. 4(A)(1). Civ.R. 58(B) directs the clerk of courts to serve the parties with notice of the entry within three days of entering the judgment upon the journal. If Civ.R. 58(B) service does not occur within three days, the time to appeal does not begin to run until service is made and noted in the appearance docket. *Coles v. Lawyers Title Ins. Corp.*, 2005-Ohio-5360, ¶ 24 (6th Dist.).

{¶5} Here, the trial court issued its entry on October 23, 2025, and the clerk of courts noted on the appearance docket that a copy was mailed to appellant on that same date. Hence, the thirty-day period began to run on the date of entry of judgment i.e., October 23, 2025, required in Civ.R. 58(B). The deadline for appellant to file an appeal was November 24, 2025. Thus, appellant's January 13, 2026 appeal was untimely filed.

{¶6} Turning to appellant's motion for delayed appeal, a motion for delayed appeal is inapplicable to civil proceedings. *Greenwood v. A. Caserta Constr.,* 2023-Ohio-4097, ¶ 5 (11th Dist.). Since this case is a civil proceeding, appellant cannot utilize a motion for delayed appeal to file an untimely appeal. This court is not empowered to

extend the time deadline in civil cases. *State ex rel. Pendell v. Adams Cty Bd. of Elections,* 40 Ohio St.3d 58, 60 (1988); *see also* App.R. 14(B).

{¶7} For the foregoing reasons, this appeal is dismissed pursuant to App.R. 4(A)(1).

MATT LYNCH, P.J.,

JOHN J. EKLUND, J.,

concur.

Case No. 2026-L-0003

# JUDGMENT ENTRY

For the reasons stated in the memorandum opinion of this court, it is ordered that this appeal is hereby dismissed as untimely pursuant to App.R. 4(A)(1).

It is further ordered that appellant's January 13, 2026 motion for leave to file a delayed appeal is overruled.

Costs to be taxed against appellant.

_____
JUDGE SCOTT LYNCH


_____
PRESIDING JUDGE MATT LYNCH,
concurs


_____
JUDGE JOHN J. EKLUND,
concurs

---

**THIS DOCUMENT CONSTITUTES A FINAL JUDGMENT ENTRY**

A certified copy of this opinion and judgment entry shall constitute the mandate pursuant to Rule 27 of the Ohio Rules of Appellate Procedure.

---

Case No. 2026-L-0003